THE STATE, use of JOEL PRETTYMAN *vs.* WILLIAM HAZZARD and RHOADS HAZZARD, Adm'rs. of M. MAGEE.

On nul tiel record, it is not a variance that sums and dates in figures are set out in letters.

After the jury is sworn and an issue tried on the plea of nul tiel record, the court will not allow an amendment, changing the issues in fact.

*Quere.* Whether evidence of a *part* payment is admissible under a plea of payment?

CAPIAS DEBT on an administration bond. Narr, suggesting a devastavit. Pleas, nul tiel record ; payment, &c.; reps. and issues.

The defendants were administrators of one Marcus Magee, against whom, in his life time, Prettyman recovered a judgment for $750 00.

The narr averred assets; and, inter alia, a certain judgment due to Magee from Turpin, Jacob, and Charles Wright, which ought to have been collected by defendants, as administrators of said Magee, and applied to plaintiff's judgment.

The pleas were—1st. Nul tiel record, as to Prettyman's judgment. 2d. Payment specially by execution sued out on said judgment. 3d. Payment generally. 4th. That defendants, as administrators of Magee, had no knowledge of the debt due him from the Wrights.

Under the plea of nul tiel record, the variance insisted on was, that the record of the judgment stated sums and dates in figures, and the narr set them out in letters; but the court overruled the objection.

*Layton* for defendants then asked leave to amend the pleadings by denying assets sufficient to pay the plaintiff's demand; but

*The Court* refused the motion, the jury having been sworn and the defendants having in fact gone to trial on one of the issues in the cause. They remarked also, that the amendment would entirely change the other issues and take the plaintiff by surprise, putting him to prove that assets sufficient had come to the defendants' hands, which was denied by the pleadings.

Defendants then offered, under the plea of payment, a receipt from plaintiff for part of his judgment. Objected to.

*Cullen.*—The judgment is for $750 : with interest and costs. Nothing less than that sum will discharge or pay the judgment. Payment of a smaller sum cannot be held a payment of the greater ; and as this evidence does not tend to establish a payment of the whole debt, it is not admissible under a plea of such payment. To suit such evidence the plea should have been set-off or *discount*, perhaps the latter. ·9 *Johns. Rep.* 332; 5 *ditto* 391; 13 *ditto* 353; *Chitty's Pleadings*, for form of plea.

The Court gave no opinion on the point, the parties having compromised the case at the bar. (*Sed quere,* under the uniform prac-

tice of the bar in this state, is not evidence of such part payment admissible under the short plea of payment?)

Verdict for plaintiff, by consent.

*Cullen* for plaintiff.
*Layton* for defendants.